**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARY E. LUBKE,                                                   Civil Action No. 1:15CV _____

       Plaintiff,                                                     Hon.

v.

OXFORD LAW, LLC,                                         **COMPLAINT
                                                                              JURY TRIAL DEMANDED**

       Defendant.

_____/

Roger G. Cotner, Esq. (P36539)
COTNER LAW OFFICES
Attorney for Plaintiff
PO Box 838
Grand Haven, MI 49417
616-846-7153
roger@cotnerlaw.us


_____/

**Jurisdiction and Venue**

    1.   This Court has original jurisdiction under 28 USC § 1334; and under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692k(d); and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction regarding Plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because Defendant transacts business here, the pertinent events took place here, and Plaintiff resides here.

    2.   This action arises out of Defendant's repeated violations of the discharge injunction provided by 11 USC §524; repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); and repeated violations of the

1

Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*.

## Parties

3. Plaintiff Mary E. Lubke, formerly known as Mary E. Lantrip and Mary E. Wilson, is a natural person who resides in Robinson Township, County of Ottawa, State of Michigan, and is a "consumer" and "person" as that term is defined by 15 U.S.C. § 1692a(3).   Ms. Lubke is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

4. Defendant Oxford Law, LLC ("Oxford"), is a Pennsylvania limited liability company, with its principal place of business at 311 Veterans Hwy, Ste 100A Levittown, Bucks County, Pennsylvania 19056.   Upon information and belief, Larry Weil is a member of Oxford, and acts as its chief executive officer.   Oxford is engaged in the business of consumer debt collection.   Oxford uses interstate commerce and the mails in a business the principal purpose of which is the collection of consumer debts.   Oxford regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due by another.   Oxford is a "regulated person" as the term is defined and used in the MCPA.; and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

5. Ms. Lubke co-signed a Wells Fargo loan with her adult son, Timothy Barratt, in March, 2005.   In March, 2012, approximately $32,600 was due on the Wells Fargo debt.

6. Timothy Barratt incurred this Wells Fargo debt primarily for personal, family, or household purposes.   Ms. Lubke's co-signing of this consumer debt was also   primarily for personal, family, or household purposes.

2

7. Ms. Lubke filed a Chapter 7 bankruptcy case in the US Bankruptcy Court for the Western District of Michigan on April 27, 2012, Case No. 12-04136.

8. Ms. Lubke scheduled the Wells Fargo debt in her bankruptcy case on Schedule F in the amount of $32,600; and noted the name and address of her co-debtor and a description of the debt on Schedule H.

9. The US Bankruptcy Court entered its discharge order in Ms. Lubke's Chapter 7 bankruptcy case on September 5, 2012.   A copy of the discharge order is attached at Exhibit A.

10. The Wells Fargo debt was not excepted from discharge.

11. The Wells Fargo debt was discharged in Ms. Lubke's Chapter 7 bankruptcy and became legally unenforceable as a result of that discharge.

12. The discharge of the Wells Fargo debt operated as "an injunction against (any) act to collect (the Wells Fargo debt) ... as a personal liability" of Ms. Lubke.   11 USC §524(a)(2).

13. On or about August 26, 2014, Craig Johnson, an employee or agent with Oxford, called Ms. Lubke on her cell telephone in an attempt to collect the discharged Wells Fargo debt.   Upon receiving the message, Ms. Lubke panicked and immediately called Mr. Johnson back on August 26, 2014.   During that initial telephone conversation, Ms. Lubke informed Mr. Johnson that she had filed a Chapter 7 bankruptcy and had received her discharge.   Mr. Johnson argued that Ms. Lubke's discharge did not apply to the Wells Fargo debt because it was a student loan debt, which Ms. Lubke denied.   Mr. Johnson then told Ms. Lubke that he required payment of the debt immediately and urged Ms. Lubke to withdraw funds from her 401(k) retirement account to pay the debt.

14. Between August 26 and September 15, 2014, Mr. Johnson or other Oxford employees or agents called Ms. Lubke's cell telephone approximately twenty times.

15. On or about August 27, 2014, Oxford pulled a TransUnion credit report. Upon information and belief, that credit report included information regarding Ms. Lubke's Chapter 7 bankruptcy case filing, including the filing date and case number.

16. On or about August 28, 2014, Oxford mailed Ms. Lubke correspondence, the purpose of which was to collect the discharged Wells Fargo debt.   A copy of that correspondence is attached at Exhibit B and incorporated here.

17. On October 2, 2014, Oxford employee or agent Renee Quinn called Ms. Lubke's cell telephone twice within 15 minutes.

18. On or about October 6, 2014, Oxford mailed Ms. Lubke another letter, the purpose of which was to collect the discharged Wells Fargo debt.   A copy of that correspondence is attached at Exhibit C and incorporated here.

19. As a result of Oxford's abusive collection actions, Ms. Lubke has sustained severe and permanent injuries that include, but are not limited to, stress, headaches, chronic sleeplessness, fright, frustration; extreme anxiety and emotional distress; monetary losses in the form of her costs and time associated with communicating with her bankruptcy attorney to confirm the discharge of the Wells Fargo debt; consultation with her current attorney regarding Oxford's illegal attempt to collect the discharged Wells Fargo debt; and other injuries.

## Summary

20. All of the above-described collection actions Oxford took against Ms. Lubke represented Oxford's knowing and willful attempt to collect a debt which Oxford knew, or should have known, was discharged and unenforceable against Ms. Lubke; and violated the discharge injunction provided by 11 USC § 524.

21. All of the above-described collection actions Oxford took against Ms. Lubke violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

22. The above-detailed conduct by Oxford of harassing Ms. Lubke in an effort to collect a discharged and legally unenforceable debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

23. The above-detailed conduct by Oxford of harassing Ms. Lubke in an effort to collect the legally discharged and unenforceable Wells Fargo debt cannot be collected using the methods threatened and used by Oxford; were violations of numerous and multiple provisions of the MCPA, including but not limited to all of the above mentioned provisions of the MCPA.

24. This series of abusive collection efforts by Oxford has extremely distressed Ms. Lubke.

25. This series of abusive collection contacts by Oxford caused Ms. Lubke to lose sleep, cry, and caused physical illness including stomachaches, headaches, extreme stress, nervousness, fright, frustration, anxiety and other emotional distress.

26. Ms. Lubke has suffered actual damages as a result of these enjoined and illegal collection communications and efforts by Oxford in the form of her time and expenses to consult with her attorneys; anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions; and attorney fees.

### Trial by Jury

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.   US Const. amend. 7.   Fed.R.Civ.P. 38.

### Causes of Action

### Count I.
### Violations of the Bankruptcy Discharge Injunction

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant Oxford knew, or should have known that the Wells Fargo debt was discharged in Ms. Lubke's Chapter 7 bankruptcy case.

30. Oxford's foregoing acts in attempting to collect this discharged debt against Ms. Lubke constitute willful violations of the Bankruptcy Discharge Injunction provided by 11 USC 524(a)(2).

31. Plaintiff has suffered damages as a result of these willful violations of the Discharge Injunction.

## Count II.
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 *et seq.*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. In enacting Fair Debt Collection Practices Act, Congress made a specific finding as follows:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a).

34. The foregoing acts and omissions of Oxford constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Ms. Lubke.

35. As a result of each and every Oxford's violations of the FDCPA, Ms. Lubke is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Oxford.

36. Oxford's conduct as alleged above was willful, oppressive, fraudulent, malicious, and done in reckless disregard of Ms. Lubke's rights, thereby warranting the imposition of punitive damages.

## Count III.
## Violations of the Michigan Collections Practices Act

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant Oxford and its employees/agents are "regulated persons" as defined by MCL §445.251(g)(xi) in the Michigan Collections Practices Act ("MCPA") MCL 445.251, *et seq*.

39. Ms. Lubke is a person whom the act was intended to protect, MCL 445.251(d).

40. Oxford's foregoing acts in attempting to collect this debt against Ms. Lubke constitute violations of the Michigan Collections Practices Act.

41. Plaintiff has suffered damages as a result of these willful violations of the Michigan Collections Practices Act.

42. These violations of the Michigan Collections Practices Act were willful.

## Count III.

## Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

## Count I.
## Violations of the Bankruptcy Discharge Injunction

- for an award of actual damages pursuant to 11 USC §524;

- for an award of costs of litigation and reasonable attorney's fees against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

## Count II.
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant and for the Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for the Plaintiff;

- for an award of punitive damages in an amount to be determined by the Court sufficient to deter the Defendants from future violations of the Fair Debt Collection Practices against Defendant and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for each Plaintiff; and

- for such other and further relief as may be just and proper.

## Count III.
## Violations of the Michigan Collections Practices Act

- for an award of actual damages pursuant to MCL §445.257(2);
- for an award of treble actual damages pursuant to MCL §445.257(2);
- for an award of costs of litigation and reasonable attorney's fees pursuant to MCL §445.257(2) against Defendant and for each Plaintiff; and
- for such other and further relief as may be just and proper.

9

                                                Respectfully submitted,

Date: May 18, 2015                        /s/ Roger G. Cotner
                                                Roger G. Cotner (P36569)
                                                Attorney for Plaintiff
                                                COTNER LAW OFFICES
                                                220 Franklin Avenue
                                                P.O. Box 838
                                                Grand Haven, MI 49417
                                                616-846-7153
                                                roger@cotnerlaw.us